# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
March 20, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**U. S. SILICA COMPANY,**
**Employer Below, Petitioner**

**vs.)   No. 12-1019** (BOR Appeal No. 2046894)
(Claim No. 2010105691)

**CHAD WEBER,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner U. S. Silica Company, by Sean Harter, its attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review.

This appeal arises from the Board of Review's Final Order dated August 2, 2012, in which the Board affirmed a January 13, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed two claims administrator decisions dated October 8, 2010, which denied Chad Weber's request for authorization for cervical spine decompression surgery and denied his request to add cervical spondylosis with myelopathy as a compensable condition of the claim. The Office of Judges added the condition to the claim and authorized the requested surgery. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Weber was a maintenance worker for U. S. Silica Company. On August 8, 2009, Mr. Weber was carrying maintenance tools, including a heavy chain, which he had set around his neck. As he was walking up a flight of steps his right knee gave out causing him to fall. He felt immediate pain in his right knee and his left back and shoulder. The claims administrator held the claim compensable for several conditions of the right knee, and Mr. Weber received treatment for these conditions, including surgery on his right knee. Following the surgery, Mr.

1

Weber began experiencing progressive weakness in his right lower extremity and numbness in his left hand and forearm. Mr. Weber then came under the care of Karoly Varga, M.D., who found, based on an MRI of his cervical spine, that he had a myelomalacia at C5-6 and multiple level cervical radiculopathy. Ravi Yalamanchili, M.D., also diagnosed Mr. Weber with cervical myelopathy at C5-6 and cervical spondylosis with myelopathy. Dr. Yalamanchili requested the addition of cervical spondylosis with myelopathy as a compensable condition and recommended that Mr. Weber undergo a C5-6 interior discectomy and fusion. S. Edward Said, M.D., then performed an independent medical evaluation of Mr. Weber, at the claims administrator's request. Dr. Said found that it was probable that Mr. Weber developed his cervical myelopathy as a secondary condition of the compensable injury. Nevertheless, on October 8, 2010, the claims administrator issued two decisions: the first denying the request to add the condition as a compensable component of the claim; and the second denied the request for the surgery. The denial was based on the records review of Constantino Amores, M.D., who felt that it was unlikely that Mr. Weber's cervical condition was causally related to the compensable injury because there was a significant amount of time following the injury before he began experiencing cervical symptoms. On January 13, 2012, the Office of Judges reversed both claims administrator decisions. The Office of Judges added the diagnosis of cervical spondylosis with myelopathy and authorized the related surgery. The Board of Review affirmed the Order of the Office of Judges on August 2, 2012, leading U. S. Silica Company to appeal.

The Office of Judges concluded that Mr. Weber's cervical problems were related to his compensable injury of September 8, 2009, and the treatment for this condition should be authorized and paid for. The Office of Judges found that Mr. Weber provided a credible account of how his injury and the resultant physical problems occurred. The Office of Judges found that his account of his cervical problems was supported by medical evidence, including the independent medical evaluation of the claims administrator's own examiner, Dr. Said. The Office of Judges also found that U. S. Silica Company did not introduce any evidence showing that Mr. Weber's cervical problems had a non-compensable origin. The Office of Judges found that Mr. Weber began having significant problems related to a significant cervical pathology after his compensable knee surgery and that there was no other reasonable explanation of his symptoms besides his compensable injury. The Board of Review adopted the findings of the Office of Judges and affirmed its Order.

We agree with the conclusion of the Board of Review and the findings of the Office of Judges. Mr. Weber has presented enough evidence to establish a causal relation between his current symptoms and his compensable injury. The evidence in the record shows that Mr. Weber developed cervical spondylosis with myelopathy in the course of and resulting from his employment. The record also shows that the requested cervical spine decompression surgery is medically related and reasonable necessary to treat this compensable condition. Mr. Weber has provided a consistent account of his injury which is supported by the independent medical evaluation of Dr. Said. U. S. Silica Company has not presented any evidence that rebuts Mr. Weber's account of his injury or provides a non-occupational explanation of his cervical problems.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  March 20, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

3